IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ROJELIO GONZALEZ HERNANDEZ, §
    Plaintiff, §
 §
VS. § C.A. No. 5:23-CV-00073-JKP
 §
VICTOR RIVERA §
and PROTECTIVE INSURANCE COMPANY, §
    Defendants. §

## PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

NOW COMES Rojelio Gonzalez Hernandez hereinafter called Plaintiff, files this *Plaintiff's Second Amended Original Petition* complaining of and about Victor Rivera and Protective Insurance Company hereinafter referred to as Defendants, and for cause of action would respectfully show the Court and jury the following:

## DISCOVERY CONTROL PLAN

1.1     The discovery in this case is to be conducted under Level II of Texas Rules of Civil Procedure, Rule 190 and moved to Level III.

## PARTIES AND SERVICE

2.1     Plaintiff Rojelio Gonzalez Hernandez is an individual residing in Bexar County, Texas.

2.2     Defendant Victor Rivera has answered and appeared herein.

2.2     Defendant Protective Insurance Company is an insurance company doing business in Texas and has filed an answer and appeared herein.

## VENUE & JURISDICTION

3.1     This Court has jurisdiction over this action under 28 U.S.C. § 1441.

3.2     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the actions or omissions giving rise to Plaintiff's allegations occurred in the Western District of Texas. Venue is proper in the San Antonio Division because all or a substantial part of the events or omissions giving rise to this cause of action took place at or near San Antonio, Texas.

3.3     The Court has subject matter jurisdiction in this case because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of this Court as Plaintiff seeks monetary relief over one Million Dollars ($1,000,000.00) and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

### **BACKGROUND FACTS**

4.1     According to the Texas Peace Officer's Crash Report, on March 10, 2021, at approximately 2:18p.m., Defendant Rivera, while driving a Chevrolet Silverado C1500, as a permissive user, was traveling Southbound on South Colorado Street.  Prior to entering the approaching intersection, Defendant Rivera changed lanes. As he continued his straight path, Defendant Rivera failed to realize the signal light was red.  As a result, Plaintiff whom was also traveling in San Antonio, Bexar County, Texas, suddenly and without warning, was violently struck by Defendant Rivera, a negligent driver that disregarded and disobeyed a red light.  As a proximate result of the aforementioned collision, Plaintiff was caused to suffer serious and permanent injuries and damages as hereinafter described.

4.2     At the time of the subject crash, Defendant Rivera was distracted as he was using his cell phone while driving when he ran the red light.

4.3     The motor vehicle causing Plaintiff's damages as described herein was at all times material to this action an underinsured motor vehicle as that term is discussed in the Uninsured and Underinsured Motorists Coverage provided by Protective Insurance Company.

4.4     Plaintiff has timely and properly notified Protective Insurance Company of his claim under the provisions of the Uninsured and Underinsured Motorist Coverage provided by Protective Insurance Company. Plaintiff accomplished this by at least December 1, 2020 in a letter addressed to Protective Insurance Company, spelling out the facts of the case, and describing the nature of Plaintiff's injuries.  In response, Defendant has failed and refused to pay Plaintiff the full amount of benefits owned under this policy, as it is contractually required to do.

## CAUSES OF ACTION AGAINST DEFENDANT RIVERA

### NEGLIGENCE AND NEGLIGENCE PER SE

5.1     Defendant Rivera committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the crash in question and Plaintiff's damages.

5.2     Defendant Rivera had a duty owed to Plaintiff to exercise ordinary care. Defendant Rivera's acts or omissions of negligence include, without limitation, one or more of the following:

(a)     Failing to keep a proper lookout;

(b)     Failing to operate the subject pickup truck in a reasonable and prudent manner;

(c)     Failing to maintain attention while operating the subject pickup truck;

(d)     Failing to safely operate the subject pickup truck;

(e)     Failing to yield the right of way;

(f)     Failing to use ordinary care under the circumstances;

(g)     Crashing into Plaintiff; and

(h)  Disobeying a red light and traffic laws.

5.3  Defendant Rivera's conduct constitutes negligence per se because Defendant breached a duty imposed to him by statute or ordinance. Plaintiff belonged to a class of persons that statutes are designed to protect. Specifically, Defendant Rivera violated Trans. Code §544.007(d). Said violation was a proximate cause of the injuries to Plaintiff. At all times Defendant Rivera was a permissive user of the Chevrolet Silverado pickup truck that he was operating at the time of the subject crash.

## GROSS NEGLIGENCE

6.1  Defendant Rivera committed acts of omission and commission, which collectively and severally, constituted gross negligence, which gross negligence was a proximate cause of the incident in question, Plaintiff's injuries.

6.2  Defendant Rivera's conduct, when viewed objectively from its standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, specifically use of a cell phone and running a red light. Defendant Rivera had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others including Plaintiff.

## DECLARATORY JUDGMENT AGAINST PROTECTIVE INSURANCE COMPANY

7.1  Plaintiff seeks a declaratory judgment, pursuant to Section 37.004(a) of the Texas Civil Practice and Remedies Code, concerning the rights, status, and legal relations between Plaintiff and Protective Insurance Company under the Uninsured and Underinsured Motorist coverage provided by Protective Insurance Company to Plaintiff.

7.2  Plaintiff seeks declarations from this Court establishing that Plaintiff is entitled to recover from Protective Insurance Company his damages resulting from the motor vehicle crash

described above under the Uninsured and Underinsured Motorist Coverage provided by Protective Insurance Company to Plaintiff.

7.3     Specifically, Plaintiff seeks declarations that Plaintiff is entitled to uninsured and underinsured motorist coverage under the above-described insurance policy because the acts and omissions of an underinsured driver, Victor Rivera, were the proximate cause of the accident in which Plaintiff was injured and that the accident proximately caused Plaintiff's injuries and that Plaintiff was not responsible for the accident that caused his damages.

7.4     Plaintiff also seeks a declaration that his actual damages exceed the amount of coverage afforded by the policy issued to Victor Rivera and that Mr. Rivera was, therefore, underinsured.

## ACTUAL DAMAGES

8.1     Plaintiff would show that, as a direct and proximate result of this collision, Plaintiff sustained significant personal injuries and damages, including, but not limited to the following:

A. Past and future physical pain and suffering
B. Past and future mental anguish;
C. Future medical expenses;
D. Past and future physical impairment; and
E. Disfigurement.

## ATTORNEY FEES

9.1     Pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE Ch. 37, Plaintiffs seek recovery of reasonable and necessary attorney's fees from Defendant Protective Insurance Company, which will be less than $50,000.00 from Defendant Protective Insurance Company, for which Plaintiff hereby sues.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

10.1    Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

## CONDITIONS PRECEDENT

11.1  All conditions precedent to Plaintiff's right to recover and Defendants' liability have been performed or have occurred.

## XIII. U.S. LIFE TABLE

12.1  Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Table as prepared by the Department of Health and Human Services.

## REQUESTS TO PRESERVE EVIDENCE

13.1  Defendants are requested to take reasonable and necessary precautions to preserve all evidence that might be admissible, relevant or lead to the discovery of admissible evidence, including but not limited to photographs, video, accident reports, and statements.

## JURY DEMAND

14.1  Plaintiff requests a trial by jury and previously tendered the requisite fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiff recover judgment of and from Defendants for his actual damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, attorneys' fees, and such other and further relief to which Plaintiff may show herself to be justly entitled, whether at law or in equity.

DATED this 20th day of November 2023.

Respectfully submitted:
MARCO BASS LAW PLLC
1313 Guadalupe Street, Ste. 204
San Antonio, TX 78207
Tel: (210) 600-0000

Marco Bass | TBN 24106631
Marco@MarcoBass.com
**Counsel for Plaintiff**